IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LAZARO LA PAZ PAZ, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-56-KC |
| § | |
| U.S. DEPARTMENT OF § | |
| HOMELAND SECURITY et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Lazaro La Paz Paz's Petition for a Writ of Habeas Corpus, ECF No. 1. Paz is detained at the ERO El Paso Camp East Montana detention facility in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 37–55; *id.* at 16.

Paz is a citizen of Cuba who entered the United States as a refugee and became a Lawful Permanent Resident ("LPR") in 2007. *Id.* ¶¶ 21–23. In 2018, Paz was convicted of a crime, and as a result, he lost his LPR status. *Id.* ¶¶ 24–26. An Immigration Judge ("IJ") entered a final order of removal. *Id.* ¶ 26. However, Paz was not removed. *Id.* ¶¶ 27–28. Instead, Paz was released under an Order of Supervision ("OSUP"). *Id.* ¶¶ 28–29. On July 15, 2025, Paz appeared for a routine check in with ICE and was detained. *Id.* ¶ 30. He has remained in detention since. *Id.* ¶ 31. Paz alleges that Respondents have not provided any information "regarding the foreseeability of his removal from the United States." *Id.* ¶ 32. "Petitioner has cooperated with Respondents in their effort to remove Petitioner by reaching out to Cuba for Travel Documents," via email through his own attorney. *Id.* ¶ 35. There has been no response. *Id.*

The Court found that "[i]f these allegations are true, Paz likely meets his burden of proving 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  Jan. 16, 2026, Order 3, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)).  Respondents had to "rebut this showing by either demonstrating that Paz's removal is likely in the reasonably foreseeable future or deporting him."  *Id.*

Respondents acknowledge that the Cuban government rejected their request to repatriate Paz in 2019, and that their renewed request has gone unanswered for four months.  Resp. Ex. A ("Garite Decl.") ¶¶ 6–7, 11, ECF No. 3-1.  They now state that they have made efforts to remove Paz to Mexico.  Resp. 2, ECF No. 3.  Particularly, on September 28, 2025, ICE Enforcement and Removal Operations ("ERO") initially determined that Paz could not be removed to Mexico.  Garite Decl. ¶ 11.  But on December 30, ERO determined that Paz could be removed to Mexico.  *Id.* ¶ 12.  On January 16, 2026, ERO attempted to remove Paz to Mexico but "he refused to comply . . . by refusing to exit his pod."  *Id.* ¶ 14.  Now, Respondents state that ERO "will request to transfer" Paz to the detention facility in Phoenix, Arizona "for a third country failure to comply removal."  *Id.* ¶ 16.

In sum, Respondents have not shown any reasonable likelihood of removing Paz to Cuba.  *See* Pet. ¶ 35; Garite Decl. ¶¶ 6–7, 11.  Nor have they taken any steps to remove him to any country other than Cuba or Mexico.  *See generally* Resp.  It remains unclear whether Respondents have an agreement with the Mexican government that would allow them to remove Paz to that country without his consent.  *See id.* ¶¶ 11, 14.  Nevertheless, because Respondents appear to be making efforts to remove Paz to Mexico or some other unnamed country through Phoenix, Arizona, the Court affords Respondents a final opportunity to do so.  If Respondents

are unable to remove Paz in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds. *See id.* The Court **ORDERS** that, <u>on or before February 10, 2026</u>, Respondents shall either (1) **REMOVE** Paz from the United States through lawful means; or (2) **RELEASE** Paz from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before February 10, 2026</u>, Respondents shall **FILE** notice informing the Court whether Paz has been removed from the country. If Paz has not been removed from the country, Respondents shall inform the Court whether Paz has been released from custody in compliance with this Order.

<u>**There will be no extensions of the February 10, 2026, deadlines.**</u>

**SO ORDERED**.

**SIGNED this 27th day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3